UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH PARENTEAU,

                                        *Plaintiff,*

                    v .

BEAU MAISON CORP., a New York corporation,
d/b/a EL CANTINERO, and GOULD 86
UNIVERSITY PLACE LLC, a New York limited
liability company,

                                        *Defendants.*

Case No. 1:19-cv-08660

**DEFENDANT GOULD 86
UNIVERSITY PLACE LLC'S
ANSWER TO PLAINTIFF'S
COMPLAINT AND CROSS CLAIM
AGAINST BEAU MAISON CORP.**

Defendant Gould 86 University Place LLC. (herein after the "Defendant" or "Gould") by their attorneys Goldberg Segalla LLP, state upon information and belief for their answer to Plaintiff Joseph Parenteau's ("Plaintiff's") Complaint.

## JURISDICTION AND PARTIES

1.       Defendant admits that Plaintiff seeks declaratory and injunctive relief and this Court is vested with original jurisdiction.  Defendant denies that Plaintiff is entitled to any relief required in the Complaint.

2.       Defendant denies the allegations in paragraph 2 of the Complaint, except admits that venue is proper.

3.       The allegations in paragraph 3 of the Complaint are legal conclusions to which no response is required.  To the extent that a response to paragraph 3 is required, Defendant denies the allegations.

4.       Defendant denies that Plaintiff was denied full and equal access to, and full and equal enjoyment of, the facilities at Defendants' Property.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 4 of the Complaint.

5.      Defendant admits that Gould 86 University Place LLC is a New York limited liability corporation, is authorized to conduct, is conducting business in New York, owns the Subject Facility located at 86 University Place, New York, New York and leases the Subject Property to Beau Maison Corp, a New York corporation, d/b/a El Cantinero ("Beau Maison"). Defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 5 of the Complaint.

6.      Defendant denies the allegations in paragraph 6 of the Complaint, except admits that venue is proper.

**COUNT I- VIOLATIONS OF THE AMERICAN WITH DISABILITIES ACT**

7.      The allegations in paragraph 7 of the Complaint are legal conclusions to which no response is required.  To the extent that a response to paragraph 7 is required, Defendant respectfully directs the Court to the ADA for the true meaning and content thereof.

8.      The allegations in paragraph 8 of the Complaint are legal conclusions to which no response is required.  To the extent that a response to paragraph 8 is required, Defendant respectfully directs the Court to the ADA for the true meaning and content thereof.

9.      The allegations in paragraph 9 of the Complaint are legal conclusions to which no response is required.  To the extent that a response to paragraph 9 is required, Defendant respectfully directs the Court to the ADA for the true meaning and content thereof.

10.     The allegations in paragraph 10 of the Complaint are legal conclusions to which no response is required.  To the extent that a response to paragraph 10 is required, Defendant respectfully directs the Court to the ADA for the true meaning and content thereof.

11.     The allegations in paragraph 11 of the Complaint are legal conclusions to which no response is required.  To the extent that a response to paragraph 11 is required, Defendant denies the allegations.

12.     Defendant denies the allegations in paragraph 12 of the Complaint.

13.     Defendant denies the allegations in paragraph 13 of the Complaint.

14.     Defendant denies the allegations in paragraph 14 of the Complaint, except denies knowledge and information sufficient to form a belief as to if Plaintiff personally visited Defendant's Property and/or if Plaintiff continues to desire to visit the Subject Property.

15.     The allegations in paragraph 15 of the Complaint are legal conclusions to which no response is required.  To the extent that a response to paragraph 15 is required, Defendant denies the allegations.

16.     Defendant denies the allegations in paragraph 16(i)-(xxiii) of the Complaint.

17.     Defendant denies the allegations in paragraph 17 of the Complaint.

18.     Defendant denies the allegations in paragraph 18 of the Complaint.

19.     Defendant denies the allegations in paragraph 19 of the Complaint.

20.     The allegations in paragraph 20 of the Compliant are legal conclusions to which no response is required.  To the extent that a response to paragraph 20 is required, Defendant denies the allegations.

**COUNT II- VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW**

21.     The allegations in paragraph 21 of the Compliant are legal conclusions to which no response is required.  To the extent that a response to paragraph 21 is required, Defendant respectfully directs the Court to the New York City Human Rights Law for the true meaning and content thereof.

22.     Defendant admits that Gould 86, University Place is a New York limited liability company.  Defendant denies knowledge or information as to if Beau Maison is a New York corporation or is doing business as El Cantinero.  Defendant denies the remaining allegations in paragraph 22 of the Complaint.

23.     With respect to paragraph 23 of the Complaint, Defendant hereby incorporates its answers to paragraphs 1 through 23 of the Complaint as if fully set forth herein.

## COUNT III- VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW

24.     The allegations in paragraph 24 of the Compliant are legal conclusions to which no response is required.   To the extent that a response to paragraph 24 is required, Defendant respectfully directs the Court to the New York State Human Rights Law for the true meaning and content thereof.

25.     The allegations in paragraph 25 of the Compliant are legal conclusions to which no response is required.   To the extent that a response to paragraph 25 is required, Defendant respectfully directs the Court to the New York State Human Rights Law for the true meaning and content thereof.

26.     Defendant denies the allegations in paragraph 26 of the Complaint.

27.     Defendant admits that Gould 86, University Place is a New York limited liability company.   Defendant denies knowledge or information as to if Beau Maison is a New York corporation or is doing business as El Cantinero.   Defendant denies the remaining allegations in paragraph 27 of the Complaint.

28.     With respect to paragraph 28 of the Complaint, Defendant hereby incorporates its answers to paragraphs 1 through 28 of the Complaint as if fully set forth herein.

## COUNT IV- VIOLATIONS OF THE ADMINISTRATIVE CODE
## OF THE CITY OF NEW YORK

29.     Defendant denies the allegations in paragraph 29 of the Complaint.

30.     Defendant denies the allegations in paragraph 30 of the Complaint.

31.     The allegations in paragraph 31 of the Compliant are legal conclusions to which no response is required.  To the extent that a response to paragraph 31 is required, Defendant respectfully directs the Court to the Restoration Act for the true meaning and content thereof.

32.     The allegations in paragraph 32 of the Compliant are legal conclusions to which no response is required.  To the extent that a response to paragraph 32 is required, Defendant denies the allegations.

33.     Defendant denies the allegations in paragraph 33 of the Complaint.

34.     Defendant denies the allegations in paragraph 34 of the Complaint.

35.     Defendant denies the allegations in paragraph 35 of the Complaint.

36.     Defendant denies the allegations in paragraph 36 of the Complaint.

37.     With respect to paragraph 37 of the Complaint, Defendant hereby incorporates its answers to paragraphs 1 through 37 of the Complaint as if fully set forth herein.

## ATTORNEY FEES AND COSTS

Defendant denies that Plaintiff is entitled to any attorney fees and costs requested.

## DAMAGES

Defendant denies that Plaintiff is entitled to any damages requested.

## INJUNCTIVE RELIEF

Defendant denies that Plaintiff is entitled to any injunctive relief requested.

## AFFIRMATIVE AND OTHER DEFENSES

At this time, Defendant asserts the following affirmative and other defenses to the Complaint.

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

Plaintiff's claims are barred by the doctrine of mootness to the extent that the barriers alleged by Plaintiff, if there were any, have been or will be remediated when this action is finally adjudicated.

**THIRD DEFENSE**

Plaintiff's Complaint is barred to the extent the claims stated in the Complaint are prior to the applicable statute of limitations.

**FOURTH DEFENSE**

Plaintiff's claims are barred to the extent that, with respect to any particular architectural element of the location that departs from accessibility guidelines, the location has provided "equivalent facilitation" in the form of alternative designs and technologies that provide substantially equivalent or greater access to and usability of the facility.

**FIFTH DEFENSE**

Plaintiff's claims are barred because the claimed violations are *de minimis* and non-actionable because they do not materially impair Plaintiff's use of an area for an intended purpose.

**SIXTH DEFENSE**

Plaintiff's claims are barred because the barrier removal Plaintiff seeks under the ADA in the facilities built before January 26, 1993 is not "readily achievable," or easily accomplishable and able to be carried out without much difficulty or expense when taking into account the cost of removal, Defendant's financial resources, and the effect on Defendant's operations.

**SEVENTH DEFENSE**

Plaintiff's claims are barred to the extent that the barrier removal Plaintiff seeks involve features of the location that were built before January 26, 1993 and were not "alterations" within the meaning of the ADA or Title 24 and/or they do not trigger an "alteration" legal standard, including because the modifications sought will be disproportionate in cost or cost in excess of 20% of the entire "alteration."

### EIGHT DEFENSE

Plaintiff's claims that the location was designed in violation of the ADA or Title 24 are barred to the extent that the location was designed and constructed before the effective date of the ADA, Title 24, or their regulations.

### NINTH DEFENSE

Plaintiff's claims for damages alleged in the Complaint are limited by Defendant's good faith reliance upon reasonable interpretations of New York State and New York City law by local building authorities and issuance of appropriate building permits and certificates of occupancy for facility at issue.

### TENTH DEFENSE

Plaintiff has failed to mitigate or to reasonably attempt to mitigate his damages, his entitlement thereto being expressly denied.

### ELEVENTH DEFENSE

Plaintiff's claims are barred to the extent they rely on an alleged barrier where the extent of any alleged variance from the applicable regulations and standards does not exceed the range of allowable construction tolerance at the time of construction.

### TWELFTH DEFENSE

Plaintiff's Complaint and all purported claims for relief alleged in Plaintiff's Complaint are barred to the extent the alleged violations of law are excused, exempted, or justified under the statutes under which Plaintiff has sued.

### THIRTEENTH DEFENSE

Plaintiff's Complaint and all purported claims for relief alleged in Plaintiff's Complaint are barred in whole or in part because Plaintiff's injury or injuries, which are expressly denied,

was/were caused by third parties acting outside the scope of agency, employment, or control of Defendant.

## FOURTEENTH DEFENSE

Plaintiff is not entitled to the injunctive relief she seeks because she lacks standing to seek or receive such relief.

## FIFTEENTH DEFENSE

Plaintiff's Complaint and all purported claims for relief alleged in Plaintiff's Complaint are barred by the doctrine of unclean hands by reason of Plaintiff's conduct and actions.

## SIXTEENTH DEFENSE

Defendant is not liable to Plaintiff for any alleged discrimination under the Administrative Code and the Executive Law because it exercised reasonable care to prevent any such behavior and Plaintiff unreasonably failed to take advantage of the corrective opportunities provided by Defendant and to otherwise avoid harm.

## SEVENTEENTH DEFENSE

Plaintiff's claims are barred and/or limited by the after-acquired evidence doctrine.

## RESERVATION OF RIGHTS

In addition to the foregoing defenses, Defendant reserves the right to assert any and all additional legal and/or equitable defenses that may become apparent during the course of this litigation.

**WHEREFORE**, Defendant demands judgment in its favor and against Plaintiff, dismissing the Complaint in its entirety and with prejudice, and awarding the Defendants costs and attorneys' fees and any further relief deemed just and proper by the Court.

## CROSS-CLAIM

1.      According to the terms of the lease between Gould and Beau Maison, entered into on or about December 30, 1993, Beau Maison is obligated to indemnify and save Gould harmless from all liabilities, obligations, damages, penalties, claims and costs.

2.      If Gould is found liable to Plaintiff, either through judgment, settlement, or otherwise, then its liability is caused by the acts of Beau Maison and/or Beau Maison's agents, servants or employees.

3.      Gould is therefore entitled to contribution and/or indemnification from Beau Maison for all sums which it pays in defending against the claims in this case, or is adjudged or liable to pay through settlement, judgment, or otherwise, including reasonable attorney's fees.

**WHEREFORE**, Gould requests that the Court enter judgment granting Gould its costs and attorney's fees and such other relief as the Court may deem just and proper.


Dated: December 13, 2019
       New York, New York


                                    **GOLDBERG SEGALLA LLP**


                                    _____
                                    Scott R. Green, Esq.
                                    Reshma Khanna, Esq.
                                    711 Third Avenue, Suite 1900
                                    New York, NY 10017
                                    *Attorney for Defendant*
                                    *Gould 86 University Place LLC*
                                    Phone: 646.292.8765
                                    rkhanna@goldbergsegalla.com